IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PLAINTIFF NO. 1, *et al.*,

          Plaintiffs,

v.

UNITED STATES OF AMERICA,

          Defendant.

24-1734 C

Case No. 24-___C

**MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL
AND FOR A PROTECTIVE ORDER PERMITTING PLAINTIFFS
TO FILE THEIR CLAIMS ANONYMOUSLY**

Plaintiffs seek to proceed anonymously in this lawsuit for overtime pay under the Fair Labor Standards Act, 29 U.S.C.§ 201, *et seq*. ("FLSA"). As employees of the Department of Health and Human Services, Food and Drug Administration (FDA), Office of Criminal Investigations, Plaintiffs reasonably believe that publication of their identity—if disclosed along with their FDA affiliation and job title—could create a risk of danger to them. The basis for Plaintiffs' belief is discussed below and in the Declaration of Plaintiff No. 1 and Plaintiff No. 2, attached as Exhibits A and B.

Accordingly, Plaintiffs seek leave to file their complaint under seal to protect their identities. To accompany the sealed complaint, Plaintiffs prepared a public version of the complaint using the name "Plaintiff No. 1" etc. in place of their names.

Plaintiffs further request that the Court issue a protective order permitting Plaintiffs to continue to file under seal confidential versions of pleadings and other documents in which they

are identified by name. Plaintiffs' proposed protective order is attached as Exhibit C.

**Background**

At various times since at least 2021, Plaintiffs have worked as Technical Surveillance Specialists in the Department of Health and Human Services, Food and Drug Administration, Office of Criminal Investigations. Ex. A ¶ 1; Ex. B ¶ 1. Plaintiffs have a top secret security clearance. Ex. A, ¶ 2, Ex. B, ¶ 7. They are involved in investigations involving major organized illicit diversion of prescription drugs, large scale product substitution conspiracies, health fraud involving FDA regulated drugs and medical devices, and other criminal activity involving FDA regulatory matters. These investigations require participating with special agents in support of criminal investigations utilizing technical surveillance techniques, including, but not limited to, photo and video surveillance, surveillance vehicles, technical installations in a high-voltage environment, tracking devices, pole cameras and covert installations to gather evidence. Ex. A ¶ 3; Ex. B ¶ 2.

Government employees involved in law enforcement face a risk of danger. A 2019 report of the General Accounting Office titled Federal Land Management Agencies: Additional Actions Needed to Address Facility Security Assessment Requirements, analyzed data from four federal land management agencies and found "a range of threats and assaults against [agency employees] in fiscal years 2013 through 2017" ranging from "threats conveyed by telephone to attempted murder[.]" Anne-Marie Fennel, et al., *Federal Land Management Agencies Additional Actions Needed to Address Facility Security Assessment Requirements*, (September 2019) https://www.gao.gov/assets/gao-19-643.pdf. page 1–4. For instance, when a law enforcement officer's personal information was posted online, it resulted in "over 500 harassing phone calls and several death threats." *Id.* at 20. The report also noted that "[a]ccording to FBI officials, the

threat from anti-government extremism in the United States grew from 2013 through 2017." *Id*. at 2. Although Plaintiffs do not work in a land management agency, they are at risk of similar threats as federal law enforcement employees.

For the reasons set forth above, Plaintiffs fear that disclosure of their identity could pose a threat of danger to themselves and their families as well as interfering with their work. Ex. A ¶ ¶11, 12,14; Ex. B, ¶¶ 9, 10,12.

## Argument

1. **Legal standard**

The Court has authority to determine "whether and how parties may file anonymously[.]" *Whalen v. United States*, 80 Fed. Cl. 685, 691 (2008) (citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). "Courts allow parties to proceed anonymously . . . where unusual circumstances justify concealing a party's identity." *Id.* (quoting *Wolfchild v. United States*, 62 Fed. Cl. 521, 552 (2004)) (citations omitted).

In analyzing requests for anonymity, the Court conducts a balancing of "severity of the threatened harm," "the reasonableness of the anonymous party's fears," "the anonymous party's vulnerability to such retaliation," "whether disclosure of the party's identify would best serve the public interest," and "the precise prejudice at each stage of the proceedings to the opposing party." *Wolfchild*, 62 Fed. Cl. at 553. *Whalen*, 80 Fed Cl. at 691 ("In addressing claims by plaintiffs that they should be allowed to proceed anonymously, trial courts balance the competing interests involved by weighing the party's need for anonymity against the general presumption that parties' identities be available to the public and the likelihood of prejudice to the opposing party.").

This Court has frequently permitted anonymity when employees of law enforcement

agencies have brought claims under the FLSA. *See, e.g.*, *Plaintiff No. 1 v. U.S.*, No. 24-834c, at Dkt. No. 20 (Fed. Cl. October 15, 2024) (United States Air Force, Office of Special Investigations, GS-1801 Investigations and Inquiry Specialists)*; Doe No. 1 v. United States*, 143 Fed. Cl. 238, 242 (2019) (Bureau of Alcohol, Tobacco, Firearms and Explosives, Intelligence Research Analysts and Industry Operations Investigators)); *Plaintiff No. 1 v. United States*, No. 18-393C, at Dkt. No. 73 (Fed. Cl. Oct. 2, 2018) (Federal Bureau of Investigation ("FBI") Investigative Specialists); *Plaintiff No. 1 v. United States*, No. 19-242C, at Dkt. No. 6-1 (Fed. Cl. Feb. 15, 2019) (FBI Investigative Specialists); *Doe No. 1 v. United States*, No. 19-150C, at Dkt. No. 19 (Fed. Cl. May 3, 2019) (FBI Intelligence Analysts); *Doe No. 1 v. United States*, No. 19-152C, at Dkt. No. 11 (Fed. Cl. Mar. 12, 2019) (FBI Staff Operations Specialists); *Plaintiff No. 1 v. United States*, No. 18-102C, at Dkt. No. 81 (Fed. Cl. Feb. 25, 2019) (Drug Enforcement Agency Investigative Research Specialists).

In one opinion, the Court analyzed a request for anonymity—which was opposed by the United States—covering a number of job titles at four different law enforcement and national security agencies. *See Plaintiff No. 1 v. United States*, No. 19-94C, at Dkt. No. 103 (Fed. Cl. May 11, 2020). The Court denied anonymity for employees in five job titles because no occupant of those job titles submitted a declaration in support of the motion. *Id.* at 4. However, as to the remainder of the job titles, the Court granted anonymity based on declarations attesting that the jobs "involve[] law enforcement or intelligence activities" and that the employees took steps to "conceal or limit knowledge of [their] association with the employing agency due to the increased risk such an association poses to [their] personal security." *Id.* at 4–5. The Court found that plaintiffs' fears were reasonable, that there was no prejudice to the government, and that there was minimal public interest in the plaintiffs' identities in the particular circumstances of the

case. *Id.* at 7.

**2. Plaintiffs reasonably believe there is a substantial risk of harm from disclosure of their identity.**

Here, Plaintiffs have a reasonable belief that harm could result from public disclosure of their names, in conjunction with their affiliation with the Department of Health and Human Services, Food and Drug Administration, Office of Criminal Investigations. Their belief is consistent with a GAO report regarding threats to federal law enforcement personnel. *See supra* at 2.

The facts set forth in Plaintiff No. 1 and Plaintiff No. 2 declarations are similar to those this Court has relied on to grant anonymity in other cases. *See, e.g.*, *Plaintiff No. 1 v. U.S.*, No. 24-834C, at Dkt. No. 20 (Fed. Cl. October 15, 2024), *supra*; (United States Air Force, Office of Special Investigations, GS-1801 Investigations and Inquiry Specialists)*; Plaintiff No. 1 v. United States*, Case No. 19-94C, Dkt. No. 103 (Fed. Cl. May 11, 2020).

There is no risk of prejudice to the Government in this case because Plaintiffs seek to conceal information only from the public, not from the Government. As this Court held in a similar case: "Granting Plaintiffs' motion would not impact the Government's ability to conduct discovery, impeach any Plaintiff, locate relevant witnesses, or otherwise mount a successful defense…. [T]he Government already knows Plaintiffs' identities and can access them pursuant to the protective order. If prejudice to the Defendant changes as the case progresses, the Court may revisit the issue." *Doe v. United States*, 143 Fed. Cl. 238, 242 (2019). *See also Plaintiff No. 1 v. U.S.*, No. 24-834C, at Dkt. No. 20 (Fed. Cl. October 15, 2024) *supra; Plaintiff No. 1 v. United States*, No. 19-94C, Dkt. No. 103, at 7 (Fed. Cl. May 11, 2020).

**3. The public interest is best served by permitting Plaintiffs to proceed anonymously.**

The public interest is best served by permitting Plaintiffs to proceed anonymously.

First, anonymity will cause no injury to the public interest. Plaintiffs' claims turn on whether their job was properly classified as exempt from the Fair Labor Standards Act. To the extent the public is interested in that issue, it can easily follow the case without knowing Plaintiffs' identities. Plaintiffs' job title and job duties will still be on the public record, as will the parties' arguments, and the Court's analysis, regarding the application of FLSA exemptions to their job duties. *See Doe v. United States*, 143 Fed. Cl. 238, 242 (2019) ("Granting Plaintiffs' request would not impair the public's view of the presentation and resolution of the FLSA issues.").

Second, anonymity will advance the public interest by increasing the chances that Plaintiffs will not be unduly deterred from participating in this case due to fear of harm, thus allowing their claims to be decided on the merits. *See Does v. Advanced Textile Corp.*, 214 F.3d 1058, 1073 (9th Cir. 2000) (finding that "permitting plaintiffs to use pseudonyms will serve the public's interest in this lawsuit by enabling it to go forward," due to the fact that "[e]mployee suits to enforce their statutory rights benefit the general public" and the use of pseudonyms would lessen any concerns about plaintiffs failing to proceed with the suit due to fear of reprisal).

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request the Court permit them to proceed anonymously. Accordingly, the Court should allow Plaintiffs to file their complaint under seal. In addition, Plaintiffs respectfully request that the Court issue the proposed protective order attached as Exhibit C.

OF COUNSEL:

Jules Bernstein
BERNSTEIN & LIPSETT, P.C.
1629 K Street, N.W., Suite 1050
Washington, D.C. 20006
(202) 296-1798

Respectfully submitted,

**/s/Linda Lipsett**
Linda Lipsett (Counsel of Record)
BERNSTEIN & LIPSETT, P.C.
1629 K Street, N.W., Suite 1050

| | |
|---|---|
| (202) 496-0555 facsimile<br>chouse@bernsteinlipsett.com | Washington, D.C. 20006<br>(202) 296-1798<br>(202) 496-0555 facsimile<br>chouse@bernsteinlipsett.com |
| Daniel M. Rosenthal<br>Alice Hwang<br>JAMES & HOFFMAN, P.C.<br>1629 K Street, N.W., Suite 1050<br>Washington, D.C. 20006<br>(202) 496-0500<br>(202) 496-0555 facsimile<br>dmrosenthal@jamhoff.com<br>achwang@jamhoff.com | *Attorneys for Plaintiffs* |

Dated: October 23, 2024

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 23 day of October 2024, a copy of the foregoing Motion for Leave to File Complaint Under Seal and for a Protective Order Permitting Plaintiffs to File Their Claims Anonymously was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: October 23, 2024                              **/s/ Linda Lipsett**
                                                     Linda Lipsett